JUDGE STEIN

14 CV 2117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| SHARON TROSTLE,<br><br>　　　　Plaintiff,<br>v.<br><br>AFNI, INC.,<br><br>　　　　Defendant. | **COMPLAINT**<br><br>RECEIVED MAR 2 0 2014 U.S.D.C. S.D.N.Y.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant AFNI, INC. alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Sharon Trostle, ("Ms. Trostle") is a natural person residing in Bronx County, New York.

1

4. Upon information and belief Defendant Afni, Inc. (hereinafter "Afni") is a collection agency with a principal executive office address of 404 Brock Drive, Bloomington, Illinois 61701 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Upon information and belief Defendant Afni has a registered agent located at CT Corporation System, 111 8th Avenue, New York, NY 10011.

6. Upon information and belief Defendant Afni is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in Bronx County, New York.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another.

8. Ms. Trostle is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

10. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

11. Plaintiff adopts and realleges the foregoing.

12. On or about February 16, 2011, Plaintiff was the victim of identity theft.

13. Plaintiff, realizing a crime was committed against her, made a formal complaint to the New York City Police Department and as such, a police report was issued.

14. The unknown party who stole Plaintiff's identity opened several fraudulent accounts with different creditors.
15. Amongst the fraudulent accounts set up in Plaintiff's name was one for AT&T with a debt incurred of $122.26.
16. Plaintiff never opened said account with AT&T or any of its affiliates.
17. Plaintiff immediately notified the credit reporting bureaus of the crime and forwarded to them a copy of the police report and requests for removing the fraudulent accounts from her credit reports.
18. Plaintiff also notified AT&T's fraud department via telephone and mail of the crime committed against her. Plaintiff further requested that AT&T remove the fraudulent account from her credit reports.
19. Plaintiff was assured that the fraudulent account would be removed from her credit report.
20. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.
21. On or about January 9, 2014, Defendant sent or caused to be sent to Ms. Trostle written correspondence, more commonly known in the collection industry as a "dunning letter," for the purpose of collecting monies purportedly owed by Plaintiff ("Collection Communication").
22. Plaintiff received said letter and was dismayed to find that Defendant was collecting on a debt that was created by the fraudulent account that was set up with AT&T by an unknown party.

23. Defendant purposefully communicated a false amount of a debt that Plaintiff never created and never incurred in its January 9, 2014 communication to Plaintiff.

24. Defendant purposefully engaged in collection efforts on an alleged debt that Plaintiff never created and never incurred.

25. These collection attempts on separate occasions were communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692f, 1692f(1) amongst others.

26. By making the aforementioned allegations Defendant attempted to utilize false and deceptive means to coerce Plaintiff into paying the debt that is not authorize by contract or law.

27. Defendant knew or should have known at the time it made these allegations, that such allegations were false and deceptive.

## V. PRACTICES OF DEFENDANT

28. It is or was the policy and practice of Defendant to collect or attempt to collect debts from consumers who may or may not owe a debt.

29. It is or was the policy and practice of Defendant to collect or attempt to collect debts not permitted or authorized by law.

30. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

31. That the Defendant intentionally and knowingly and/or carelessly and recklessly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

32. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of her legal rights as required by law.

33. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff and all members similarly situated for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

34. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: (d), (e) and (f).
    i. Defendant violated 15 U.S.C. § 1692(d) by harassing the consumer;
    ii. Defendant violated 15 U.S.C. § 1692(e) by utilizing false, deceptive and misleading representations in an attempt to collect a debt and threatening to take legal action that cannot legally be taken or is not intended to be taken;
    iii. Defendant violated 15 U.S.C. § 1692(f) by employing unfair tactics in attempt to collect a debt;

35. To the extent that the Defendant Afni attempted to collect a debt from Plaintiff even though Defendant knew or should have know that Plaintiff did not owe the underlying debt and such messages also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## COUNT I

### Violation of §1692d of the FDCPA – Any conduct that the natural consequence of which is to harass, oppress, or abuse any person

36. Plaintiff adopts and realleges the foregoing.

37. Section 1692d of the FDCPA prohibits a debt collector from utilizing any conduct with the natural consequence of which is to harass, oppress, or abuse any person. See, 15 U.S.C. § 1692d.

38. Defendant's violation of § 1692d of the FDCPA, include, but are not limited to, continuing with collection efforts on a debt not permitted or authorized by law.

39. Defendant's violation of § 1692d of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II

### Violation of § 1692e – Any other false, deceptive, or misleading representation or means in connection with the debt collection

40. Plaintiff adopts and realleges the foregoing.

41. Section 1692e of the FDCPA prohibits a debt collector from utilizing any other false, deceptive or misleading representation or means in connection with the debt collection See, 15 U.S.C. § 1692e.

42. Defendant's violation of § 1692e of the FDCPA, include, but are not limited to, continuing with collection efforts on a debt not permitted or authorized by law.

43. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III

### Violation of § 1692f of The FDCPA – Any unfair or unconscionable means to collect or attempt to collect the alleged debt

44. Plaintiff adopts and realleges the foregoing.

45. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. See, 15 U.S.C. § 1692f.

46. Defendant's violation of § 1692f of the FDCPA, include, but are not limited to, continuing with collection efforts on a debt not permitted or authorized by law.

47. Defendant's violation of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV

### Violation Of § 1692f(1) – Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law

48. Plaintiff adopts and realleges the foregoing.

49. Section 1692f(1) of the FDCPA requires that, collectors cannot collect or attempt to collect any amount of a debt not authorized by the agreement creating the debt or permitted by law, see, 15 U.S.C. § 1692f(1).

50. Defendant's violation of § 1692f(1) of the FDCPA, include, but are not limited to, attempting to collect a debt not permitted or authorized by law.

51. Defendant's violation of § 1692f(1) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. 1692k.

## COUNT V

### Violations of the New York General Business Law § 349

52. Plaintiff adopts and realleges the foregoing.

53. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

54. GBL § 349 provides in relevant part as follows:

   *a. Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

   *h. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

55. It is the regular business practice of Defendant Afni to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendant has engaged in such a deceptive practice aimed at other New York consumers. Defendant Afni's actions have a broad impact on New York consumers at large.

56. Defendant Afni's communications to Plaintiff were a continuation of collection activity on a debt not permitted or authorized by law.

57. Defendant's communications to Plaintiff were deceptive practices on behalf of the Defendant, thus Defendant violated NY GBL § 349.

### PRAYER FOR RELIEF

Plaintiff, Sharon Trostle prays that this Court:

a. Declare that Defendant violated the FDCPA;

b. Declare that Defendant violated NY GBL § 349;

c. For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against each Defendant for Plaintiff;

d. Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

e. Enter judgment in favor of Plaintiff and against Defendant, for actual damages, costs, and reasonable attorneys' fees as provided by §1692k(a)(1) of the FDCPA;

f. Enter judgment enjoining Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff;

g. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sharon Trostle, demands trial by jury.

Respectfully submitted,

Dated: March 12, 2014

LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.
Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**